**SEALED**

PR/USAO#2021R00791

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC - BALTIMORE
'23 JUN 27 PM 3:08

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. SAG 23 Cr 219 |
| VALERIE A. JOSEPH and ROBIN L. JOSEPH, | : (Wire Fraud Conspiracy, 18 U.S.C. § 1349; Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1); Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| Defendants. | : |

UNDER SEAL

...oOo...

INDICTMENT

COUNT ONE
(Wire Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

Introduction: Relevant Persons and Entities

At all times relevant to the Indictment, unless otherwise stated:

1. Defendants **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** were married to each other and residents of Easton, Maryland and Murrells Inlet, South Carolina.

2. Victim Business 1 was a wholesale greenhouse and garden center located in Caroline County, Maryland. Victim Business 1 was owned by Victim K.F.

3. Victim Business 1 maintained an account at Shore United Bank, a federally insured institution, with an account number ending in 7001 (the "7001 Account").

4. In or about 2003, Victim Business 1 hired Defendant **VALERIE A. JOSEPH** as an office manager for the business.

5. In her capacity as an office manager, **VALERIE A. JOSEPH**, among other things, managed the payment of bills and invoices using various credit card accounts associated with Victim Business 1 that were in the name of victim K.F., including a Capital One Account with

1

account number ending in 2526 (the "Capital One Account"), an American Express Account with account number ending in 2001 (the "American Express Account"), and a Lowe's/Synchrony Financial Account with account number ending in 7675 (the "Lowe's Account") (together, the "Victim Accounts").

6. In or about September 2021, **VALERIE A. JOSEPH** resigned from Victim Business 1.

### The Conspiracy and Scheme and Artifice to Defraud

7. From in or about January 2010 and continuing thereafter until in or about October 2021, in the District of Maryland and elsewhere, the defendants,

**VALERIE A. JOSEPH and
ROBIN L. JOSEPH,**

knowingly and willfully, conspired and agreed with each other and others known and unknown to the Grand Jury to commit any offense under Chapter 63 of Title 18, United States Code, namely, to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Victim Business 1 and Victim K.F. and to obtain and attempt to obtain money and property of Victim Business 1 and Victim K.F by means of materially false and fraudulent pretenses, representations, and promises, through the use of interstate wire communications (the "scheme to defraud"), in violation of 18 U.S.C. § 1343.

### Object of the Scheme and Artifice to Defraud

8. It was the object of the scheme and artifice to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** made hundreds of unauthorized charges to the Victim Accounts for personal expenses in a total amount exceeding $1,000,000 thereby obtaining numerous things for their own personal use and benefit, and for the personal use and benefit of their associates.

### Manner and Means of the Conspiracy and Scheme and Artifice to Defraud

9. It was part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH**

used her position within Victim Business 1 to gain access to the Victim Accounts and the 7001 Account.

10. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** possessed credit cards associated with the Victim Accounts, including an American Express Business Gold Credit Card, bearing the name of Victim K.F. and Victim Business 1; and a Lowe's Business Account Card, bearing the name of Victim Business 1.

11. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** used credit cards associated with the Victim Accounts to make more than $1,000,000 in unauthorized charges to the Victim Accounts, including (a) more than $200,000 in charges to Walmart using the American Express Account; (b) more than $30,000 in charges to a Japanese steak and seafood restaurant located in Easton, Maryland using the American Express Account; (c) more than $116,000 in charges to Paypal using the American Express Account; (d) more than $90,000 in charges to Easton Utilities in Easton, Maryland in connection with the payment of utility bills associated with **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH**'s residence using the Capital One Account; (e) more than $16,000 to Chesapeake College in connection with tuition payments for a family member of **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** using the Capital One Account; and (f) more than $195,000 in charges using the Lowe's Account.

12. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** used the Victim Accounts for their own benefit and not the benefit of Victim Business 1.

13. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH**, in order to hide the above-described unauthorized charges and without authorization and without being entitled, initiated payments from the 7001 Account to pay credit card bills associated with the Victim Accounts.

14. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH**, in order to hide the above-described unauthorized charges, manipulated Victim Business 1's accounting records to inaccurately reflect payments made to the American Express Account as legitimate business expenses.

15. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** communicated with each other over text message concerning their use of the credit card associated with the Capital One Account and the American Express Account.

16. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** used the personal identifying information of Victim K.F. in furtherance of the conspiracy and scheme to defraud.

17. It was further part of the conspiracy and scheme to defraud that **VALERIE A. JOSEPH** and **ROBIN L. JOSEPH** transferred money via point-of-sale transactions and other financial transactions that caused interstate wire communications.

18 U.S.C. § 1349

## COUNT TWO
## (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 6 and 8 through 17 of Count One of the Indictment are incorporated here.

2. From in or about January 2011 and continuing thereafter until in or about August 2021, in the District of Maryland and elsewhere, the defendants,

**VALERIE A. JOSEPH and
ROBIN L. JOSEPH,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the defendants used the means of identification of Victim K.F. during and in relation to conspiracy to commit wire fraud under 18 U.S.C § 1349, as set forth in Count One of the Indictment.

18 U.S.C. §§ 1028A(a)(1), (c)(5)

5

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of a defendant's conviction on the offense charged in Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

**VALERIE A. JOSEPH and
ROBIN L. JOSEPH,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to a sum of money equal to the value of the proceeds of the scheme to defraud each defendant obtained, which amount is at least $1,000,000.

## SUBSTITUTE ASSETS

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture,

a) cannot be located upon the exercise of diligence;

b) has been transferred, or sold to, or deposited with a third person;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
EREK L. BARRON
United States Attorney

[SIGNATURE REDACTED]
Foreperson

Date: 6/27/23